# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**                    **Criminal No.: 5:13-CR-229 (GTS)**

**Violation: 18 U.S.C. § 1341**
**MAIL FRAUD**

        **v.**

**UPSTATE LABORATORIES, INC.,**

         **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America and **UPSTATE LABORATORIES, INC.,** a corporation organized and existing under the laws of the State of New York, and located at 6034 Corporate Drive, East Syracuse, NY hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1.    **RIGHTS OF UPSTATE LABORATORIES, INC.**.    UPSTATE LABORATORIES, INC. understands its rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against it;

    (d)    to have a trial by jury, throughout which it would be presumed to be not guilty of the charge and the United States would have to prove every essential element of the

charged offense beyond a reasonable doubt for it to be found guilty;

      (e)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

      (f)    to appeal its conviction if it is found guilty at trial; and

      (g)    to appeal the imposition of sentence against it.

2.    **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** UPSTATE LABORATORIES, INC. waives the rights set out in Paragraph 1(b)-(f) above. UPSTATE LABORATORIES, INC. also waives its right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement. Pursuant to Fed. R. Crim. P. 7(b), UPSTATE LABORATORIES, INC. will waive indictment and plead guilty at arraignment to a one count Information to be filed in the United States District Court for the Northern District of New York. The Information will charge UPSTATE LABORATORIES, INC. with committing mail fraud related to falsifying laboratory sample results from 2008 through 2010, as set forth in attachment A to this plea agreement, in violation of 18 U.S.C. § 1341.

3.    Pursuant to the terms of this Plea Agreement, UPSTATE LABORATORIES, INC. will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below.

4.    **ELEMENTS OF THE OFFENSE.** UPSTATE LABORATORIES, INC., through its authorized representative, acknowledges that it is aware of the elements of the offenses to which it is entering a guilty plea. Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of mail fraud. The legal elements of mail fraud, 18 U.S.C. § 1341, are as follows:

      a.    (1) The defendant knowingly devised or knowingly participated in a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent

pretenses, representations, or promises as detailed in the Information;

(2) The defendant did so with the intent to defraud;

(3) In advancing, or furthering, and carrying out this scheme to defraud or scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant used the mails or caused the mails to be used.

(4) The false or fraudulent pretense representations or promises were material.

5.    **FACTUAL   BASIS   FOR   OFFENSE   CHARGED**.   UPSTATE LABORATORIES, INC. admits the following facts, which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

(a)    UPSTATE LABORATORIES, INC. has been a certified laboratory in the business of performing chemical analysis of water and soil samples supplied by public and private clients. UPSTATE LABORATORIES, INC. acted through its owner, supervisory employees, and employees. Samples for which chemical degradation was an issue required UPSTATE LABORATORIES, INC. to perform, and UPSTATE LABORATORIES, INC. promised to perform, analysis within specified time-frames after the samples were obtained ("holding times"). UPSTATE LABORATORIES, INC. further promised to utilize required procedures found at 40 C.F.R. § 136.3, to ensure that the samples did not degrade. If they did degrade, or were not otherwise analyzed in a timely manner, UPSTATE LABORATORIES, INC. understood that the results would not be valid.

(b)    For samples that required a prompt turnaround time, UPSTATE LABORATORIES, INC. charged a fee greater than for samples that did not. For all samples, UPSTATE LABORATORIES, INC. represented to clients that analysis would be and was performed in accordance with required analysis standards. UPSTATE LABORATORIES, INC. submitted invoices for its analysis and was paid through use of the United States mail.

(c)    Notwithstanding representations of proper and timely sample analysis

3

described above, from 2008 through 2010 UPSTATE LABORATORIES, INC. engaged in the routine "backdating" of samples results where employees changed the dates when the samples were analyzed to make it appear that analysis had occurred within the required time periods when in fact they had not. UPSTATE LABORATORIES, INC. thereafter prepared false and fraudulent analysis reports representing that samples were properly analyzed within required time frames and that the results were valid when they were not. During this time, UPSTATE LABORATORIES, INC. falsified via backdating in excess of 3300 samples in the manner described above.

(d) During the course of the scheme to defraud, UPSTATE LABORATORIES, INC. supervisory employees and employees falsified results and mailed fraudulent results to clients including the following:

**CLIENT NAME**

1. Village of Moravia, NY

2. Two Guys From Italy Pizza Restaurant, West Monroe, NY

3. Town of Camillus, NY

4. Steuben County, NY – Division of Solid Waste

5. Oswego County, NY – Department of Health

6. Oswego County, NY – Department of Solid Waste

7. Cortland County, NY – Soil and Water Conservation District

8. Liquid Products, LLC, Waterloo, NY

9. Hanson Aggregates New York, LLC, Poland, NY

10. Casella Waste Systems via On-Site Technical Services, Inc, Wellsville, NY

11. A & P Water Testing, Morrisville, NY

12. Wolcott Landfill, Wolcott, NY

13. New York State Department of Transportation – Region 7

14.    Hannibal Hills Trailer Park, Hannibal, NY

15.    Ontario County, NY - Recycling and Landfill Management

16.    Fulton County, NY - Department of Solid Waste

17.    Barton and Loguidice, Liverpool, NY

18.    Oswego Heat Treating, Inc – Oswego, NY

19.    Town of Oswego, Oswego, NY

20.    Agro-Farm, Inc, Norwich, NY

21.    Tri-Boro Municipal Authority, Susquehanna, PA

22.    Village of Endicott, NY – Waste Water Treatment Plant

23.    Sullivan County, NY – Department of Public Works

24.    Fagan Engineers via Franklin County, NY

25.    Applied Testing and Geosciences, Bridgeport, PA

26.    City of Tonawanda, NY

27.    Oneida – Herkimer Solid Waste Authority, Utica, NY

28.    Town of Lumberland, NY

29.    Madison County, NY – Department of Solid Waste

30.    Kerry Bio-Science, Rochester, MN

31.    Ameresco, Inc, Various locations throughout United States

(e)    On or about January 14, 2010, in Onondaga County in the Northern District of New York, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, **UPSTATE LABORATORIES, INC**. knowingly caused to be delivered by mail to the Village of Moravia, New York a falsified laboratory report.

6.    **POSSIBLE MAXIMUM SENTENCE**. UPSTATE LABORATORIES, INC. understands that the maximum penalty which may be imposed against it upon conviction for mail fraud are fines of:

(a)    $500,000 (18 U.S.C. § 3571(c)); or

(b)    twice the gross pecuniary gain the defendant derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime by the defendant (18 U.S.C. § 3571(c) and (d)).

7.    In addition, UPSTATE LABORATORIES, INC. understands that:

(a)    pursuant to 18 U.S.C. § 3663A, the Court shall order it to pay restitution to any victims of the offense;

(b)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order UPSTATE LABORATORIES, INC. to pay a special assessment of $400 upon conviction for the charged crime; and

(c)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

8.    **SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court.

9.    **FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and UPSTATE LABORATORIES, INC. agree that the appropriate disposition of this case shall be that UPSTATE LABORATORIES, INC. pays to the United States a criminal fine of

6

$150,000, but that from this total, the amount up to and including the entire fine shall be suspended on the condition that it be paid at the date of imposition of sentence to victims identified in this plea agreement or identified by the Court as entitled to restitution. Nothing about the possible suspension of the criminal fine sets a maximum amount of restitution that must be paid. Rather, UPSTATE LABORATORIES, INC. must pay all restitution to victims as determined by the Court, even if the amount exceeds $150,000.

    (a)    UPSTATE LABORATORIES, INC. understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

    (b)    UPSTATE LABORATORIES, INC. will be placed on a term of probation for five years.

    (c)    <u>Environmental Compliance Plan</u>.  As a condition of probation, UPSTATE LABORATORIES, INC. will develop, fund and implement a comprehensive Environmental Compliance Plan ("ECP") to prevent future violations, consistent with sentencing policies set forth in U.S.S.G. § 8D1.4(c). A failure to fully fund and to fully implement the ECP will constitute a violation of probation and will constitute a material breach of this plea agreement. The ECP must be developed and submitted to the United States and the Probation Office for approval within one month of the entry of the plea. UPSTATE LABORATORIES, INC. shall revise the ECP as deemed necessary by the United States or the Probation Office.  UPSTATE LABORATORIES, INC. must implement the ECP immediately upon approval.

    (d)    UPSTATE LABORATORIES, INC. shall not seek nor take a tax deduction for any monies paid as a fine under this plea agreement.

    10. **APPLICATION OF THE AGREEMENT**. This Agreement shall bind UPSTATE LABORATORIES, INC. and its successors and assigns.  UPSTATE LABORATORIES, INC., or its successors-in-interest, if applicable, shall provide to the United States Attorney's Office and the United States Probation Office immediate notice

of any name change, corporate reorganization, sale or purchase of substantial assets subject to the ECP, or similar action affecting this Agreement and the ECP. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter UPSTATE LABORATORIES, INC.'s responsibilities under this Agreement. This includes any effort to operate, or have operated, another laboratory performing functions previously conducted by UPSTATE LABORATORIES, INC. employees, owned by a relative of the principal UPSTATE LABORATORIES, INC. owner. UPSTATE LABORATORIES, INC. shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11.     The United States and UPSTATE LABORATORIES, INC. understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence, the United States and UPSTATE LABORATORIES, INC. agree that this Plea Agreement shall be rendered void.

(b)     If the Court does not accept the Rule 11(c)(1)(C) sentence, UPSTATE LABORATORIES, INC. will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If UPSTATE LABORATORIES, INC. withdraws its plea of guilty, this Plea Agreement and the guilty plea shall not be admissible against UPSTATE LABORATORIES, INC. in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). UPSTATE LABORATORIES, INC. agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date UPSTATE LABORATORIES, INC. withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12.     No UPSTATE LABORATORIES, INC. employees will be fired, demoted, reassigned or otherwise suffer a reduction in pay or other benefits  because of their truthful cooperation with the United States with respect to the criminal violations described in this plea agreement.

13.     **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring criminal charges against UPSTATE LABORATORIES, INC., or its owner for any act or offense known to the United States as of the date of the signing of this plea agreement that was undertaken in furtherance of the Mail Fraud violation.  The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax laws, or to any crime of violence.

14.     UPSTATE LABORATORIES, INC. understands that it may be subject to civil or administrative action by federal or state agencies, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of UPSTATE LABORATORIES, INC. as a matter for that agency to consider before determining what administrative action, if any, to take.

15.     **REPRESENTATION BY COUNSEL**. UPSTATE LABORATORIES, INC. has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation.  UPSTATE LABORATORIES, INC. has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

16.    **VOLUNTARY PLEA**. UPSTATE LABORATORIES, INC.'s decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.  The United States has made no promises or representations to UPSTATE LABORATORIES, INC. as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

17.    **VIOLATION OF PLEA AGREEMENT**.  UPSTATE LABORATORIES, INC., through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by UPSTATE LABORATORIES, INC. solely because of the promises made by UPSTATE LABORATORIES, INC. in this Agreement.  If UPSTATE LABORATORIES, INC. breaches this Agreement, or if UPSTATE LABORATORIES, INC. withdraws its guilty plea, the United States retains the right to present to the Grand Jury for Indictment, all of the criminal violations established by the evidence.  If the actions of UPSTATE LABORATORIES, INC. or any of its owners, agents and/or employees breaches this Agreement, UPSTATE LABORATORIES, INC. will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the United States  elects to pursue any charge that was not filed as a result of this Agreement, UPSTATE LABORATORIES, INC. expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement.

18.    **CORPORATE AUTHORIZATION.** UPSTATE LABORATORIES, INC. states that it is authorized to enter into this Agreement.  At the time of signing by UPSTATE LABORATORIES, INC.' representatives, UPSTATE LABORATORIES, INC. shall provide the United States with a written statement in the form of a corporate resolution certifying that UPSTATE LABORATORIES, INC. is authorized to enter into

and comply with all of the terms of this Agreement.  The corporate resolution shall certify that UPSTATE LABORATORIES, INC.'s Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed.  UPSTATE LABORATORIES, INC. agrees that the pleas of guilty will be entered by UPSTATE LABORATORIES, INC. through its attorney, and that he is authorized to enter pleas of guilty on  UPSTATE LABORATORIES, INC.'s behalf.  By entering these guilty pleas, UPSTATE LABORATORIES, INC. hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of UPSTATE LABORATORIES, INC.'s criminal conduct and that it provides a sufficient basis for UPSTATE LABORATORIES, INC.'s pleas of guilty to the offense charged in the Information.

19.    **WAIVER OF APPEAL.** UPSTATE LABORATORIES, INC., through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give UPSTATE LABORATORIES, INC. the right to appeal other aspects of the conviction.  In consideration of the Agreement with the United States as set forth herein, UPSTATE LABORATORIES, INC. knowingly and voluntarily agrees to waive the following rights:

a.    The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses, including restitution;

b.    The right to appeal any aspect of UPSTATE LABORATORIES, INC.'s conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

c.    The right to bring any collateral attack against UPSTATE LABORATORIES, INC.'s conviction or sentence, except as it may relate to the effectiveness of legal representation.

20.   **ENTIRETY OF AGREEMENT.**   This Plea Agreement constitutes the
entire agreement between the United States and UPSTATE LABORATORIES, INC.
concerning the disposition of the criminal charge in this case.  This Plea Agreement
cannot be modified except in writing, signed by the United States and UPSTATE
LABORATORIES, INC.


UPSTATE LABORATORIES, INC.                    RICHARD S. HARTUNIAN
                                              UNITED STATES ATTORNEY

By: _____            By: _____
William Dreyer                               Craig A. Benedict
Dreyer and Boyajian, LLP                     Assistant U.S. Attorney
Attorney for UPSTATE                         Bar Role No. 101130
LABORATORIES, INC.
Bar Role No.